W. W. J. VAN LEEUWEN, Appellant,

v.

UNITED STATES POSTAL SERVICE, Agency of the United States; Board of Governors, United States Postal Service; William F. Bolger, Postmaster General of the United States Postal Service; Donald J. Childers, Sectional Center Manager/Postmaster of the United States Postal Service Sectional Center Facility, Harrison, Arkansas; National Rural Letter Carriers' Association; National Association of Letter Carriers, AFL–CIO, Branch 35 National Association of Letter Carriers, ALF–CIO Local/Branch 2277, & National Association of Letter Carriers, AFL–CIO, Appellees.

No. 79–1939.

United States Court of Appeals, Eighth Circuit.

Submitted June 9, 1980.

Decided Aug. 21, 1980.

Tim Boe, Little Rock, Ark., argued, Tom Ledbetter, Harrison, Ark., on brief, for appellant.

James E. Youngdahl, Youngdahl, Larrison & Agee, Little Rock, Ark., argued, Deborah S. Groban, Little Rock, Ark., on brief, for appellee Union.

Sherryl A. Cagnoli, Supervisory Atty., Office of Labor Law, U. S. Postal Service, Washington, D. C., argued, Stephen E. Alpern, Associate Gen. Counsel, Washington, D. C., and Larry McCord, U. S. Atty. and Neal Kirkpatrick, Asst. U. S. Atty., Fort Smith, Ark., on brief, for appellee U. S. Postal Service.

Before ROSS, Circuit Judge, GIBSON, Senior Circuit Judge, and HANSON, Senior District Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Van Leeuwen appeals from the District Court's [1] order of October 4, 1979, dismissing all of the claims in his complaint, which charged improper discharge from employment and violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* (1976), except his individual claim against the United States Postal Service for violation of the FLSA, 29 U.S.C. § 201 *et seq.* (1976). We affirm.

On March 8, 1979, Van Leeuwen filed a complaint against the United States Postal Service and the various postal unions. In Count I he sought reinstatement and compensatory and punitive damages under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1976).[2] In addition, he alleged that the Postal Service had violated his constitutional right to due process. In Count II he claimed that the Postal Service had violated the minimum wage, overtime, and record keeping provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, 216(b) (1976). He claimed federal jurisdiction on the basis of 28 U.S.C. §§ 1331, 1337, 1361 (1976).

The unions moved to dismiss the complaint, and submitted the national agreement between the Postal Service and the unions as an exhibit. Van Leeuwen filed affidavits and exhibits in response, and the

1. The Honorable Paul X Williams, Chief Judge, United States District Court, Western District of Arkansas.

2. 29 U.S.C. § 185 states in relevant part:
    (a) Venue, amount, and citizenship
    Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

unions submitted additional affidavits. On August 31, 1979, the District Court held a hearing on the motions to dismiss. On September 7, 1979, the Postal Service filed a motion to dismiss or, alternatively, for summary judgment. Thereafter the District Court entered its October 4, 1979, order. After further proceedings, the District Court on February 12, 1980, directed that its October 4, 1979, order be entered as a final judgment pursuant to Rule 54(b) insofar as it dismissed plaintiff's causes of action against all defendants except his claim for violation of the Fair Labor Standards Act against the United States Postal Service.[3] That portion of the October 4 order striking the class action aspects of the Fair Labor Standards Act claim the District Court certified for review pursuant to 28 U.S.C. § 1292(b) (1976).

We note that the District Court, in dismissing Van Leeuwen's claims, considered affidavits and exhibits outside the pleadings. The court thus treated the motion as one for summary judgment. *See* Fed.R. Civ.P. 12(b). Van Leeuwen had notice of the court's intention to treat the motion to dismiss as one for summary judgment, because he, along with the other parties, submitted outside the pleadings affidavits and exhibits which he understood that the District Court accepted for consideration.

In the context of a summary judgment motion, we must view the facts in the light most favorable to the non-moving party. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970). Thus we must consider the facts as alleged by Van Leeuwen.

Van Leeuwen commenced work as a substitute rural letter carrier for the Sectional Center Facility of the United States Postal Service at Harrison, Arkansas, on April 4, 1977. Ten days later, on April 14, the Postal Service discharged him. He discussed his discharge with his immediate supervisor, and requested specific information regarding the stated reason for his discharge. He was told that his discharge was on the basis of medical unsuitability because it was believed he had a hernia. He strongly denied this stated medical basis.

The next day, April 15, Van Leeuwen went to two physicians to review with them the medical condition given by the Postal Service as the reason for his termination. Each physician prepared a statement to the effect that Van Leeuwen had no hernias. Van Leeuwen returned to the Postal Service facility and presented these statements to his immediate supervisor, who took the statements and informed Van Leeuwen that he would have to discuss the matter with the head of the facility, who would be out of town until April 18. On that date, Van Leeuwen met with the head of the Sectional Facility who explained that, while he had the authority to reverse the discharge, he would send the question to the medical officials of the Postal Service located in New Orleans, Louisiana, for their decision.

Van Leeuwen next went to the Postal Service facility on May 10, requesting that he be paid for his employment and requesting information regarding the outcome of the medical examination in New Orleans. This led to another meeting with the head of the facility on May 16, when the head of the facility showed Van Leeuwen a letter addressed to him from the head of the facility dated May 16, 1977, which stated that the Postal Service's medical officer had determined that Van Leeuwen was medically suitable for future employment, and that he would be placed on the eligibility roster for substitute rural carrier at the Harrison Post Office. Van Leeuwen protested on the basis that he was not reinstated to his original position. After this meeting, Van

---

**3.** The District Court's memorandum and orders of February 12, 1980, are somewhat ambiguous concerning whether the District Court made a Rule 54(b) final judgment in favor of the Postal Service with regard to those claims against it aside from the Fair Labor Standards Act claim. The parties have briefed before this court all aspects of the October 4, 1979, order as a final judgment except the Fair Labor Standards Act claim against the Postal Service. We accept this resolution of the ambiguity because it appears to be the logical intention of the District Court.

Leeuwen continued to contact the Postal Service to protest, and he received periodic notification regarding the status of his case. He has never been reinstated to his original position or considered for employment from the eligibility list.

The collective bargaining agreement between the Postal Service and various postal unions in effect during Van Leeuwen's employment provided for a probationary period of ninety days "actually worked or one calendar year, whichever comes first" before an employee becomes a permanent employee.[4] During this time, a probationary employee is not permitted to appeal a discharge through the contractual grievance procedures. The National Rural Letter Carriers Association (NRLCA) was the certified statutory bargaining representative for the unit to which Van Leeuwen belonged during his tenure with the Postal Service. During Van Leeuwen's ten days on the job, the union did not take any affirmative action to identify to him his union representative. Van Leeuwen, in fact, had no contact with any union until sometime in April 1978, over a year after his discharge, when he contacted the president of a branch of the National Association of Letter Carriers (NALC), which branch aside from being affiliated with the wrong union, did not even serve the Harrison area. The union official contacted responded to Van Leeuwen by suggesting that he join a union, and advising him that he had not contacted the proper union official and that retention of an attorney would not be of assistance in a grievance procedure. Van Leeuwen then wrote two different union officials generally inquiring about union membership, and seeking help. He did not pursue this matter further, but instead filed his complaint on March 8, 1979.

As stated in *Stovall v. City of St. Louis Board of Education*, 614 F.2d 619, 621 (8th Cir. 1980):

> Summary judgment is appropriate where the record discloses no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *Thompson v. Sun Oil Company*, 523 F.2d 647, 649 (8th Cir. 1975). The standards applicable to the summary judgment procedure are well established. The facts must be viewed in the light most favorable to the party opposing the motion, but where the moving party has met its initial burden of establishing the absence of a genuine issue concerning any material fact, summary judgment is appropriate unless the opposing party produces evidence in contravention.

*See also McLain v. Meier*, 612 F.2d 349, 355–56 (8th Cir. 1979); *Roberts v. Browning*, 610 F.2d 528, 531–32 (8th Cir. 1979).

■ The duty of fair representation doctrine imposes upon a union which has been designated as the exclusive bargaining representative of a unit of employees the duty fairly to represent the interests of all members of the designated unit. A union is obliged to serve "without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903, 910, 17 L.Ed.2d 842 (1967). *See also Smith v. Hussmann Refrigerator Co.*, 619 F.2d 1229, 1235–37 (8th Cir. 1980).

■ Of the various union defendants, only the NRLCA represented the unit to which Van Leeuwen belonged while employed by the Postal Service. Since the other unions, therefore, did not in fact owe Van Leeuwen any duty whatsoever, summary judgment with regard to them was obviously appropriate. Since the collective bargaining agreement itself absolves the NRLCA from any duty to file a grievance on behalf of a probationary employee, it cannot be considered to have violated its duty of fair representation by not challenging the discharge. Nor can the union's negotiation of a collective bargaining provi-

---

4. The 1975 national agreement further provided that the Postal Service had the right "to separate from its employ any probationary employee at any time during the probationary period" and that such employee would not "be permitted access to the grievance procedure in relation thereto."

sion treating probationary employees differently from regular employees be found to constitute a breach of the duty of fair representation. A union must be accorded a wide range of reasonableness and has broad authority in the negotiation of the collective bargaining agreement. *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338, 73 S.Ct. 681, 686, 97 L.Ed. 1048 (1953). The collective bargaining provision providing for a probationary status also disposes of the breach of the collective bargaining agreement claim. Since Van Leeuwen had no contractual right to continued employment, his discharge cannot be considered a breach of the collective bargaining agreement.

■ Count I of Van Leeuwen's complaint also alleged that the Postal Service had violated his due process rights. The fifth amendment to the United States Constitution would prohibit the Postal Service from depriving him of a liberty or property interest without a hearing or other due process protections. For Van Leeuwen to establish his claim, he must prove that his dismissal deprived him of a liberty or property interest. Van Leeuwen does not appear to claim that as a probationary employee he had a property interest in continued employment. The national agreement submitted to the District Court by the unions provides no basis for a fifth amendment property interest, *see Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 576–78, 92 S.Ct. 2701, 2708–09, 33 L.Ed.2d 548 (1972), and Van Leeuwen did not resist the summary judgment motion by suggesting the existence of any other facts which might give rise to a property interest in continued employment. Van Leeuwen, however, contends that he was deprived of a liberty interest because the reason given for his discharge stigmatized him and because his discharge was prompted by a desire to punish him for the exercise of his free speech rights when he protested his discharge. The initial determination of medical unsuitability cannot be considered to have stigmatized Van Leeuwen because

the Postal Service, when challenged, corrected this determination, and Van Leeuwen's personnel file now indicates that he is medically suitable for employment. His contention that he was punished because of his exercise of free speech rights is not plausible. He did not protest his discharge until after he had already been discharged.

■ Accepted as true, Van Leeuwen's allegations indicate that the Postal Service acted mistakenly and unfairly, but as the United States Supreme Court stated in *Bishop v. Wood*, 426 U.S. 341, 349–50, 96 S.Ct. 2074, 2080, 48 L.Ed.2d 684 (1976):

The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies. We must accept the harsh fact that numerous individual mistakes are inevitable in the day-to-day administration of our affairs. The United States Constitution cannot feasibly be construed to require federal judicial review for every such error. In the absence of any claim that the public employer was motivated by a desire to curtail or to penalize the exercise of an employee's constitutionally protected rights, we must presume that official action was regular and, if erroneous, can best be corrected in other ways. The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions.

The material issues of fact relevant to Count I of the complaint do not appear to be in dispute, and the District Court applied correct principles of law. Plaintiff's allegations of incomplete discovery cannot bar entry of summary judgment where no facts of material significance remain in dispute. The District Court properly entered summary judgment, dismissing Count I of the complaint.

■ In Count II, which alleged violations of the Fair Labor Standards Act, Van Leeuwen sought to represent other employees of the Postal Service who were similarly situ-

ated. The District Court dismissed the class action aspects of this count on the basis that Van Leeuwen had not tendered written consents from other employees as required by 29 U.S.C. § 216(b).[5]

Van Leeuwen argues that, because the statute does not set forth a specific time limit for the filing of these consents, they can be filed at any time during the litigation, at least before trial, and that when filed they would relate back to the date of the complaint. We do not address the statute of limitations issue, however. It is not ripe for judicial review since there is no indication that anyone is attempting to file a consent to become a party in Van Leeuwen's action. Although the Postal Service challenged the vague and conclusory class action allegations of Van Leeuwen's pleadings in its September 7, 1979, motion, no consents have been filed, and Van Leeuwen has not indicated that he has made any efforts to procure consents or that consents will be forthcoming. Under these circumstances, the District Court's dismissal of the class action allegations of Van Leeuwen's complaint cannot be considered an abuse of discretion.

Judgment affirmed.

---

**5.** Title 29 U.S.C. § 216(b) (1976) provides in relevant part:

Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. *No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.* [Emphasis added.]