R. Dean HOLLINS, Plaintiff-Appellant,

v.

KAISER FOUNDATION HOSPITALS, The Permanente Medical Group, and Kaiser Foundation Health Plan, Defendants-Appellees.

No. 83–1917.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 1983.

Decided Jan. 26, 1984.

David A. Rosenfeld, Van Bourg, Allen, Weinberg & Roger, San Francisco, Cal., for plaintiff-appellant.

Alan R. Berkowitz, Schachter, Kristoff, Ross, Sprague & Curiale, San Francisco, Cal., for defendants-appellees.

Before KENNEDY, ALARCON and TIMBERS *, Circuit Judges.

* Of the Second Circuit, by designation.

**PER CURIAM:**

This is an appeal by R. Dean Hollins, a discharged probationary employee of appellee Permanente Medical Group, from a judgment of the district court dismissing Hollins' action brought pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185 (1982), for breach of a collective bargaining agreement. We affirm.

Appellees are Kaiser Foundation Hospitals, The Permanente Medical Group and Kaiser Foundation Health Plan (referred to collectively as Kaiser Hospitals).

Kaiser Hospitals and the Hospital and Institutional Workers Union, Local No. 250 (Union), are parties to a collective bargaining agreement (CBA) covering some of Kaiser Hospital's employees, including Hollins. The pertinent provisions of the CBA are as follows:

ARTICLE XXIX—DISPUTES

*Section 1—Work Stoppages*

\* \* \*

195. All disputes in other matters of controversy coming within the scope of this Agreement will be settled by the procedure hereinafter provided.

*Section 2—Probationary Period*

196. Employees may be discharged without recourse to the grievance procedure within the first ninety (90) days of employment.

*Section 3*

197. Grievance, as referred to in this Article, includes every dispute concerning application or interpretation of this contract and/or any dispute concerning wages, hours or working conditions. All such disputes shall be subject to the grievance procedure; however, only such grievances that allege a specific violation of the contract may be appealed to Step 3 of the grievance procedure.

\* \* \*

*Section 7—Discipline*

210.  A) Discipline shall be administered only for just cause.

Sometime during the first ninety days of his employment, Hollins was discharged.[1]

Hollins commenced the instant action in the district court, alleging that Kaiser Hospitals had breached the CBA by discharging him without just cause.  The court denied Hollins' motion for a preliminary injunction to require his reinstatement pending trial. Subsequently, the parties filed cross motions for summary judgment, and Kaiser Hospitals filed a motion to dismiss.  The court declined to rule on the summary judgment motions but granted Kaiser Hospitals' motion to dismiss, holding that (1) Hollins was without recourse to the grievance procedure;  (2) the CBA established the grievance procedure as the exclusive remedy for aggrieved employees;  and therefore (3) the court was without jurisdiction.  This appeal followed.

■   Hollins' claim is based on a breach of CBA Paragraph 210.  He is bound by the terms of the CBA which govern the enforcement of contractual rights.  *Vaca v. Sipes*, 386 U.S. 171, 184 (1967).  As exclusive bargaining representative, the Union could waive rights of the employees. *NLRB v. Allis-Chalmers Manufacturing Co.*, 388 U.S. 175, 180 (1967).  As negotiated by the Union and the Hospital, the grievance procedure set out in Article XXIX is the exclusive method of resolving "all disputes".  CBA Paragraph 195.  This comports with the national labor policy of relying on arbitration unless the parties expressly agree that arbitration is not the exclusive remedy.  *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 657–58 (1965).  Employee termination is a category of dispute covered by the grievance procedure.  Paragraph 196 precludes probationary employees from processing termination disputes through the grievance procedure.  The Eighth Circuit, in *Van Leeuwen v. United States Postal Service*, 628 F.2d 1093 (8th Cir.1980), in dealing with a contract provision very similar to Paragraph 196, held that a discharged probationary employee had no contractual right to continued employment.  *Id.* at 1097.

■   With respect to the instant CBA, we hold that, by prohibiting resort to the grievance procedure by probationary employees who may be discharged within the first ninety days of their employment, the parties intended to foreclose all contractual remedies for such discharged probationary employees, the CBA having established the grievance procedure as the exclusive remedy for aggrieved employees.[2]

The district court correctly dismissed the action for lack of jurisdiction.

*Affirmed.*

ALARCON, Circuit Judge, dissenting.

I respectfully dissent.

Hollins' employment was terminated during the first ninety (90) days for "inappro-

---

1.  Since the sole question before us is whether the district court correctly held that it did not have jurisdiction over the instant dispute, we do not reach the question whether Hollins' discharge was for just cause.

2.  According to one commentator, this is a common practice.
    "[There are] cases in which the parties seek to make nonadjudicable and, hence, unenforceable, a rule set forth in the agreement. They normally do so by providing that a claim for violation of the rule shall not be arbitrable.

Examples abound.  Collective agreements normally provide that no employee may be discharged except for just cause.  Many also provide for a probation period, during which an employee is not entitled to file a grievance protesting his discharge. . . .  What the parties clearly mean to accomplish by this provision is that no claim may be made in any forum concerning such an employee's discharge."
Feller, *A General Theory of the Collective Bargaining Agreement,* 61 Cal.L.Rev. 663, 793 (1973).

priate and unprofessional conduct with a patient." (Appellee's Brief, p. 3). Subsection 210.A of section 7 of the collective bargaining agreement provides that: "Discipline shall be administered only for just cause." Thus, under the express provisions of the agreement, Hollins' employment could not be terminated as a *disciplinary measure* except for just cause.

The agreement also provides, in section 196 that employees within the first ninety (90) days of employment may be discharged without recourse to the *grievance* procedure. Thus, the agreement gives all employees the right to be free from being disciplined except for just cause. Employees with more than ninety (90) days employment are limited by the express terms of the agreement to seek resolution of any grievance, including disciplinary action, through the grievance procedure. Under section 196, probationary employees, such as Hollins, are not covered by the grievance procedure. Hence, the agreement does not preclude the bringing of an action by a probationary employee under 29 U.S.C. § 185, to enforce the right granted to him under section 7 210.A.

Accordingly, I would reverse.