**Robert W. KEIP, Plaintiff,**

v.

**TONOLLI CORPORATION, Defendant.**

**Civ. No. 85–0129.**

United States District Court,
M.D. Pennsylvania.

March 26, 1985.

mining the liability of a payor bank shall be the law of the forum in which the bank resides.

Thomas Woodrow, Schuylkill County Legal Services, Pottsville, Pa., for plaintiff.

William J. Flannery, David H. Allshouse, Morgan, Lewis & Bockius, Harrisburg, Pa., for defendant.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

The above-captioned matter is before this Court on removal from the Court of Common Pleas of Carbon County pursuant to 28 U.S.C. § 1446(e). Plaintiff's complaint alleges that he was employed by Defendant on or about August 27, 1984, and remained employed until on or about October 6, 1984 when he was informed that he was "laid off". Further, Plaintiff alleges that Defendant Tonolli Corporation (Tonolli) has hired employees to perform work substantially the same as had been performed by Plaintiff and that Defendant has either refused or ignored Plaintiff's request to be rehired. Plaintiff seeks lost wages, reinstatement and a sum uncertain for emotional and psychological trauma, embarrassment and humiliation.

The Defendant asserts Section 301 of the Labor Management Act of 1947, 29 U.S.C. § 185(a) as the basis for its federal jurisdiction claim. Section 185(a) provides that:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

In support of its claim of federal jurisdiction, Defendant offers a collective bargaining agreement entered into by Defendant Tonolli and Local #96, Mid Atlantic Conference Board of International Molder and Allied Workers, AFL-CIO CLC (the Union).

Presently before the Court is Defendant's motion to dismiss. The parties have submitted their respective briefs and this matter is now ripe for our consideration.

Defendant's motion to dismiss rests on the contentions that Plaintiff was covered by the above-noted bargaining agreement, that therefore, jurisdiction is proper under 29 U.S.C. § 185(a), that § 185(a) is controlling and that this is a question of contractual right to dismiss a probationary employee.

## I

We first must decide the applicability of the agreement to Plaintiff Keip. The bargaining agreement became effective on October 4, 1983 and continues in force until October 3, 1985. Ergo, as to time, it was in effect before, throughout and after the occurrences here in question.

Article I, section one of the bargaining agreement recognizes the Union as the exclusive representative for grievances of employees of set classification, such classifications including the "floater" classification. Since Plaintiff had been employed by

Tonolli as a "floater" the agreement pertains to him via his job classification.

Article VII, section three provides that: Employees shall be considered to be on probation for their first forty-five (45) days worked. During such period, an employee is subject to termination without cause or notice and without access to the grievance procedure. Upon successful completion of the probationary period, the employee will be placed on the seniority list effective the date of hire. Further, the entire agreement uses the term "employees" as opposed the term "union members."

Lastly, Article III, section one of the agreement stipulates that the agreement resulted from bargaining conducted pursuant to the National Labor Relations Act. The agreement is between the employer corporation and a labor organization representing employees in an industry affecting commerce. Thus the agreement falls within the parameters of 29 U.S.C. § 185(a).

It is Defendant's position that the Plaintiff's claim is one for breach of the agreement and must fail as Plainitiff falls within the scope of Article VII section three which specifically grants Tonolli the right to terminate an employee during his first forty five (45) days of work without cause or notice.

The Plaintiff asserts that he is not bound by the bargaining agreement and that the Court is without jurisdiction over this matter. In support, Plaintiff argues that he was never a member of the Molders Union and thus was not party to nor bound by the bargaining agreement. Further, Plaintiff argues that his claim is a state claim for wrongful discharge and not for breach of the bargaining agreement.

■ The International Molders and Allied Workers Union, is the selected bargaining agent for a set class of employees of Tonolli Corporation and as such it is the agent for all persons so employed. *Wallace Corp. v. Labor Board*, 323 U.S. 248, 255, 65 S.Ct. 238, 241, 89 L.Ed. 216 (1944). As agent, the Union not only has the right

to enter into an agreement which binds the employees it represents, but also has the duty of representation of all covered employees. *Humphrey v. Moore*, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1963).

In the light of these decisions, it is our opinion that Plaintiff, by virtue of the position he held while employed by Defendant, was bound by the bargaining agreement between Tonolli and the Molders Union.

Plaintiff's pleading attempts to put forth a claim under state law to the preemption of § 185(a). However, the Plaintiff may not avoid federal jurisdiction by phrasing his claim in state law terminology. *Olguin v. Inspiration Consolidated Copper Co.*, 740 F.2d 1468 (1984).

■ This matter, by Plaintiff's argument, is a suit against the employer for wrongful discharge. The Supreme Court has specifically held that a case such as this is the type specifically provided for by Congress in 29 U.S.C. § 185(a). *Hines v. Anchor Motor Freight*, 424 U.S. 554, 562, 96 S.Ct. 1048, 1055, 47 L.Ed.2d 231 (1976).

Therefore, this Court has jurisdiction over the matter before us and Plaintiff's quest of a remand to the Court of Common Pleas is unfounded.

■ Based on the foundation that jurisdiction over the matter is proper in this Court and that Plaintiff was bound by the terms and provisions of the bargaining agreement we have reviewed the record and found that the Plaintiff had not completed forty five (45) days of work and thus fits well within the description of a probationary employee who may be discharged without cause or notice. Therefore, the Defendant's duty pursuant to the bargaining agreement was not breached and the discharge cannot be characterized as wrongful. *Van Leeuwen v. United States Postal Service*, 628 F.2d 1093, 1097 (1980).

■ Plaintiff's final argument is that he has a cause of action under state law for intentional infliction of emotional distress. The Restatement of Torts § 46 defines the tort of intentional infliction of mental distress as:

(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

This definition has been adopted by the Pennsylvania Supreme Court. *Papieves v. Kelly*, 437 Pa. 373, 263 A.2d 118 (1970).

We find that Defendant acted within its contractual rights in dismissing a probationary employee. There is not a shadow, not the slightest scintilla of evidence or realistic assertion to indicate that Defendant acted in an extreme or outrageous manner so as to intentionally or negligently cause Plaintiff to suffer severe emotional distress.

In light of the foregoing discussion we find that Plaintiff has failed to state a claim upon which relief can be granted and we issue the following.