21 F.3d 432
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Paul Frederick GOETZ, Appellant,
v.
Jean TORDOFF; Harrison B. Tordoff; Kathryn R. Brush; Alan
R. King; Judith S. Pryor; Kathy Madore; Merrill Lynch
Realty Operating Partnership, L.P.; James J. Lawton, III;
Marty D. Long, Appellees.
 No. 93-1842.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 16, 1994.
Filed: April 13, 1994.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Paul Frederick Goetz appeals the district court's[1] disposition of his 42 U.S.C. Secs. 1983 and 1985(2) and (3) action. We affirm.
 
 
 2
 In February 1990, in connection with the dissolution of Goetz's marriage to Kathryn Brush, the Minnesota state court ordered the house, which Goetz previously owned and lived in with his wife, to be sold pursuant to Minn. Stat. Sec. 518.58. Goetz unsuccessfully challenged the state court's order and refused to cooperate in the sale. The court appointed Brush as trustee, by authority of Minn. R. Civ. P. 70, and she sold the house to Jean and Harrison Tordoff. The Tordoffs subsequently sold the property to Marty Long, through Merrill Lynch Realty. Goetz filed an action in state court alleging Alan King and other employees of Merrill Lynch/Burnet Realty conspired with Jean Tordoff to sell the house for less than the fair market value. The court dismissed the action with prejudice and awarded attorneys' fees to defendants.
 
 
 3
 On September 18, 1993, Goetz filed this pro se 42 U.S.C. Secs. 1983 and 1985(2) and (3) complaint against his former wife; the subsequent purchasers of the house; the realtor and several of its employees; and his former wife's attorney (collectively referred to as defendants), alleging that they had deprived him of his civil rights. Goetz claimed that (1) defendants interfered with his federally protected freedom to contract relative to his homestead property; (2) defendants acted with intentional and reckless disregard for his civil rights and, except Long, also acted with malicious intent; and (3) defendants, except Long, conspired with intent to obstruct the due course of justice in a state court action. Goetz asked the court for a declaratory judgment declaring the house to be solely his homestead property, and for two million dollars in costs, damages for severe emotional distress, and punitive damages.
 
 
 4
 The court dismissed without prejudice the claims against Merrill Lynch because Goetz had failed to serve Merrill Lynch. The district court considered matters outside the pleadings that had been submitted by the parties in addressing the Rule 12(b)(6) motions, and deemed the motions as motions for summary judgment pursuant to Rule 56. The court concluded that Goetz had failed to show a genuine issue of material fact with regard to whether defendants conspired or jointly participated with state officials such that any defendant could fairly be characterized as a state actor. Therefore, as a matter of law, he was not deprived of a constitutional right within the meaning of section 1983.
 
 
 5
 The court also awarded summary judgment to defendants on Goetz's section 1985 claims. The district court further denied Goetz's motion to amend the complaint after summary judgment was entered.
 
 
 6
 We hold that Goetz had adequate notice under Federal Rule of Civil Procedure 12(b) of the court's intention to consider matters outside the pleadings. Federal Rule of Civil Procedure 12(b) does not require the district court to give the parties affirmative notice that it intends to consider matters outside the complaint." See Angel v. Williams, 12 F.3d 786, 788 (8th Cir. 1994). Goetz had constructive notice because he, along with other parties, submitted matters outside the pleadings which he understood the district court would consider. See Van Leeuwen v. United States Postal Service, 628 F.2d 1093, 1095 (8th Cir. 1980).
 
 
 7
 The district court did not abuse its discretion in dismissing without prejudice Goetz's claim against Merrill Lynch, as service was defective. See Fed. R. Civ. P. 4(d)(3); Tuepker v. Farmers Home Admin., 525 F. Supp. 257, 239 (W.D. Mo. 1981), aff'd, 684 F.2d 550 (8th Cir. 1982). Goetz's due process claim regarding the dismissal is without merit.
 
 
 8
 As to the remaining defendants, summary judgment on Goetz's section 1983 claim was proper. The district court correctly found that Goetz failed to create a genuine issue of material fact "with regard to whether the defendants conspired or engaged in joint participation with state officials to fairly call the defendants state actors." The conduct Goetz alleged arguably makes defendants "state actors" only if it amounts to willful participation in joint activity with the state or its agents. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). Goetz alleged that defendants sold the house pursuant to the court's orders and defended against Goetz's state court actions. Action on the part of a private person pursuant to a court order made with the authority of a state statute is not sufficient to characterize the person as a state actor. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 157 (1978). Likewise, "resorting to the courts and being on the winning side of a lawsuit does not make a party ... a joint actor ... with the [state]." Dennis v, Sparks, 449 U.S. 24, 28 (1980). As Goetz has failed to show that defendants willfully participated in joint activity with the state, summary judgment was proper.
 
 
 9
 After a complaint is dismissed, the right to amend under Fed. R. Civ. P. 15(a) terminates. Humphreys v. Roche Biomedical Lab., Inc. 990 F.2d 1078, 1082 (8th Cir. 1993). Therefore, the court did not abuse its discretion in denying Goetz's post-summary judgment motion to amend. Appellees' request for attorneys' fees and costs is denied.
 
 
 10
 We affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Richard H. Kyle, United States District Judge for the district of Minnesota