**Steven B. CARVER, Plaintiff,**

v.

**Albert V. CASEY, Postmaster General, United States Postal Service, Defendant.**

**No. 85–8645–CIV.**

United States District Court, S.D. Florida, Miami Division.

Aug. 21, 1987.

Steven B. Carver, pro se.

Wendy Jacobus, Asst. U.S. Atty., S.D. Fla., Miami, Fla., for defendant.

ORDER GRANTING MOTION FOR RE-
CONSIDERATION AND GRANTING
SUMMARY JUDGMENT FOR DE-
FENDANT

HOEVELER, District Judge.

THIS CAUSE is before the court on defendant's motion to reconsider the court's order dismissing plaintiff's Title VII claims with leave to amend by naming the proper defendant, as well as on defendant's motion to dismiss the amended complaint or, alternatively, for summary judgment. Having heard the parties' arguments, and being otherwise fully advised in the premises, the motions are GRANTED, as is more particularly set out below.

### Background

Because the court has considered material outside of the pleadings, it is treating the motions before it as ones for summary judgment. Fed.R.Civ.Proc. 12(c), 56. Accordingly, it views the evidence in the light most favorable to plaintiff, the non-moving party. *Adickes v. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Morrison v. Washington County*, 700 F.2d 678, 682 (11th Cir.), *cert. denied*, 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983).

Plaintiff applied for a position as a letter carrier at the West Palm Beach Post Office in March 1982, but was rejected on the ground of medical unsuitability. He appealed this determination, which the Postal Service's Southern Regional Office reversed on December 9, 1982. It found Mr. Carver suitable for the position of clerk/carrier and letter sorting machine (LSM) operator and restored him to the Postal Service's "active" register. Mr. Carver then filed an Equal Employment Opportunity (EEO) complaint of handicap discrimination due to the Postal Service's failure to hire him as a letter carrier, and participated in informal efforts to resolve his complaint. When these were not successful, Mr. Carver filed a formal EEO complaint on January 3, 1983. Meanwhile, by letter dated December 23, 1982, the Postal Service informed him that he had been hired as a distribution clerk/LSM operator effective January 8, 1983. (The parties dispute the significance of the timing of these events; defendant contends that plaintiff filed the formal EEO complaint even though he had been offered a job, whereas plaintiff maintains that he was hired "reluctantly" and only because he filed the charge.)

While employed during the 90–day probationary period, plaintiff received a satisfactory 30–day evaluation, but after 60 days

and then 80 days he was rated unsatisfactory in several categories by his supervisors. By letter dated April 1, 1983, plaintiff was terminated effective April 4, 1983, for failure to fulfill the qualifications of his job. Plaintiff alleges that he began to receive the unsatisfactory evaluations only after his supervisors learned that he was appealing to the EEOC the agency's rejection of his handicap discrimination claim. According to plaintiff, his supervisors deliberately monitored him for abuse of break privileges and other rules in order to fire him within the probationary period, which would have ended on April 7, 1983. In addition, he maintains that they prevented him from completing five remaining hours of LSM training, which would have enabled him to pass the LSM test.

On April 5, 1983, plaintiff filed an unfair labor practice charge with the National Labor Relations Board, which on May 17, 1983, rejected his claim that in terminating him the Postal Service violated section 8 of the NLRA. He also filed an informal EEO claim with the Postal Service, followed on April 26, 1983, by a formal complaint alleging discriminatory reprisal. After learning that the agency proposed a finding of no discrimination, plaintiff requested a hearing before an EEOC complaints examiner. The hearing was held in January 1985, and the complaints examiner found that Mr. Carver had been fired in retaliation for pursuing the earlier EEO claim. He therefore recommended a finding of discrimination. This recommendation was rejected by the Postal Service, which issued its final agency decision of no discrimination on October 9, 1985.

In this court, plaintiff, acting pro se, complains that the Postal Service fired him for having pressed his handicap discrimination claim against the agency. Plaintiff's original complaint named the United States Postal Service and four individual employees of the agency as defendants, and alleged claims under section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a); for breach of contract; and under 42 U.S.C. § 1985.

By order of June 30, 1986, the court dismissed the Title VII claims against the agency for failure to name the agency head as required by 42 U.S.C. § 2000e-16(c) and granted leave to amend; dismissed the Title VII claims against the individual employees with prejudice; dismissed with leave to amend the breach of contract claims; and dismissed without prejudice the section 1985 claims, which the court found merely to restate plaintiff's Title VII claims. On July 10, 1986, defendant moved the court to reconsider its ruling with respect to the Title VII claims.

Plaintiff filed his amended complaint on July 14, 1986, naming Albert V. Casey, Postmaster General, as defendant and stating claims under Title VII; sections 7, 8, and 301 of the Labor Management Relations Act, 29 U.S.C. §§ 157, 158, and 185; and 42 U.S.C. §§ 1983, 1986.

## Discussion

### 1. The Title VII claim

The essence of defendant's motions is that plaintiff's failure to name the proper defendant in a timely fashion is fatal to his Title VII claims. Relying on a recent Supreme Court decision interpreting the scope of the "relation back" doctrine of Rule 15 of the Federal Rules of Civil Procedure, the Postal Service argues that this court's granting leave to amend does not avail plaintiff, because the agency did not have notice of the lawsuit within the thirty days prescribed by the statute. Reluctantly, the court must agree.

Federal employees suing under Title VII are required to file a civil action within 30 days of receipt of notice of final agency action, and to name the head of the agency of department as the defendant. 42 U.S.C. § 2000e-16(c). Plaintiff received notice from the Postal Service EEO officer on October 17, 1985, that his discrimination charge had been rejected, and timely filed this action on November 14, 1985. Summonses were not issued, however, until November 18, 1985, and the complaint was served on the Postal Service on November 26, 1986, well outside the thirty-day period. Ordinarily, of course, the rules allow 120

days for service of process. Fed.R.Civ. Proc. 4(j). In this case, however, the complaint was defective because it did not name the Postmaster General as the defendant. *See, e.g., Cooper v. United States Postal Service*, 740 F.2d 714, 716 (9th Cir.1984), *cert. denied*, 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985). Amending to name the correct defendant therefore triggered the "relation back" rule of Rule 15, which provides in pertinent part:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.
>
> The delivery or mailing of process to the United States Attorney, or his designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

Fed.R.Civ.Proc. 15(c).

In *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), the Supreme Court discussed the interplay between a statute of limitations and Rule 15's requirements for relation back. The *Schiavone* plaintiffs timely filed three libel actions, but incorrectly named Fortune magazine, instead of its parent, Time, Inc., as the defendant. Service of the complaints on Time, Inc., occurred after the limitations period had expired. Time's registered agent refused to accept service because of the incorrect designation, and plaintiffs subsequently amended their complaints. Affirming the courts below, the Supreme Court held that the amended complaints did not relate back to the original filing dates. According to the Court, the proper defendant, Time, Inc., did not have notice of the actions " 'within the period provided by law for commencing the action against' Time, as is so clearly required by Rule 15(c)." 477 U.S. at ——, 106 S.Ct. at 2385, 91 L.Ed.2d at 28. Because it found that the emphasis of Rule 15 is on notice to the defendant within the limitations period, the Court also declined to extend that period to provide for the service of a timely filed complaint. *Id.*

The Court rejected the notion that its interpretation of Rule 15(c) was a "technical" one. *Id.* Nevertheless, it would appear that in order to avoid Rule 15(c)'s pitfalls, a plaintiff must be absolutely certain to name the proper defendant, or ensure that not only the filing but also the service of his complaint is effected within the limitations period. Although the result seems harsh when a plaintiff is proceeding pro se, as he is here, the court concludes that Mr. Carver has run irremediably afoul of Rule 15.

It is clear that even if the court were to find an "identity of interest" between the United States Postal Service, whom plaintiff originally named as a defendant, and the Postmaster General, who by statute is the only correct defendant in this type of action, it could not find that either defendant had notice of plaintiff's lawsuit "within the period provided by law for commencing" such an action. Fed.R.Civ.Proc. 15(c). Counsel for the Postal Service was not served until November 26, 1985, and the United States Attorney received a copy of the complaint by mail on February 25, 1986. Both of these dates followed the expiry of the limitations period on November 16, 1986. Thus, there was no proper notice to the agency that could be imputed to the Postmaster General. *Schiavone*, 477 U.S. at ——, 106 S.Ct. at 2384, 91

L.Ed.2d at 27; *accord Berndt v. Tennessee*, 796 F.2d 879, 884 n. 3 (6th Cir.1986).

Plaintiff argues that defendant in fact had notice within the limitations period because on November 7, 1985, his counsel wrote to Charles Losasso, the EEO officer of the Postal Service's Southern Regional Office, and informed him: "Please be advised that Mr. Carver *will* pursue this matter." The court does not believe that this adequately meets the Rule's notice requirements. While it is true that Rule 15 does not demand formal notice, *see* Notes of Advisory Committee on Fed.R.Civ.Proc. 15, it does specify "notice of the *institution* of the action" (emphasis supplied). Plaintiff did not actually institute his action until November 14, 1985, after he wrote to Mr. Losasso. Thus, all the Postal Service knew on receipt of the letter to Mr. Losasso was that plaintiff was contemplating some future action. *See Cooper*, 740 F.2d at 717 ("institution of action" is only notice relevant to Rule 15(c)). Moreover, under the statute, plaintiff had the choice of either appealing to the Equal Employment Opportunity Commission or bringing a civil action in federal district court. 42 U.S.C. § 2000e–16(c); 29 C.F.R. § 221(e). Plaintiff was informed of these options in the Postal Service's letter informing him of its final decision. Consequently, the statement that he intended to pursue the matter simply does not indicate that he planned to proceed by filing a civil suit.

The court regrets that this pro se plaintiff's civil rights claims cannot be heard on their merits. That, however, is the inference to be drawn from the Supreme Court's decision in *Schiavone*, a case involving private litigants. *See, e.g., Hymen v. Merit Systems Protection Bd.*, 799 F.2d 1421, 1422 (9th Cir.1986) (applying *Schiavone* in pro se case), *cert. denied*, —— U.S. ——, 107 S.Ct. 1900, 95 L.Ed.2d 506 (1987); *Stewart v. United States Postal Service*, 649 F.Supp. 1531, 1534–35 (S.D.N.Y.1986); *see also Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 150, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984) (Title VII actions have no special status under Rules of Civil Procedure). In addition, it is apparent that although this court granted plaintiff leave to amend, it was without power to extend Title VII's 30–day statute of limitations for relation-back purposes. *See Schiavone*, 477 U.S. at ——, 106 S.Ct. at 2385, 91 L.Ed.2d at 28; *see also Hall v. Kroger Baking Co.*, 520 F.2d 1204, 1205 (6th Cir.1975). *Cf. Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982) (Title VII 180–day period for filing EEOC complaint not jurisdictional but subject to equitable tolling); *Smith v. McClammy*, 740 F.2d 925 (11th Cir.1984) (same). Accordingly, plaintiff's Title VII claims must be dismissed.

### 2. *The breach of contract claims*

Plaintiff was granted leave to amend his breach of contract claims, which were dismissed because, in the absence of a pleaded or attached copy of the contract, the court was unable to determine the claims' validity. Plaintiff's amended complaint invokes section 301 of the National Labor Relations Act (NLRA), who analogue is section 1208(b) of the Postal Reorganization Act of 1970, 39 U.S.C. § 1208(b). *See National Ass'n of Letter Carriers v. United States Postal Service*, 590 F.2d 1171, 1174 (D.C. Cir.1978). In addition, plaintiff charges defendant with the unfair labor practice of preventing him from engaging in a "concerted activity" contrary to sections 7 and 8 of the NLRA, 29 U.S.C. §§ 157, 158. Attached to the amended complaint are an "Equal Employment Opportunity Policy Statement" by Postmaster General William F. Bolger for fiscal year 1982 (exhibit A); a statement regarding "Equal Employment Opportunity for Fiscal Year 1982, West Palm Beach, FL" by R.J. Pitts, Postmaster (exhibit B); and a copy of the National Agreement Between the U.S. Postal Service and the American Postal Workers Union (APWU) covering the period July 21, 1984, to July 20, 1987 (exhibit C). Plaintiff alleges breaches of the policy statements as well as of specific sections of the National Agreement, namely, art. 2 § 1 (governing non-discrimination and civil rights); art. 12 § 1 (requiring 7 days' notice before severing a probationary employee for

scheme failure); and art. 16 § 1 (stating policy that discipline shall be corrective, not punitive).

Defendant argues that the court lacks subject matter jurisdiction because breaches of the collective bargaining agreement can be remedied only through the grievance/arbitration procedure, which was not available to plaintiff due to his probationary status. Alternatively, defendant argues that plaintiff has not exhausted his contractual remedies—i.e., the grievance procedure. Finally, defendant asserts that a breach of contract claim will lie only when an employee alleges that the union breached its duty of fair representation in its handling of the employee's complaint. Plaintiff has not alleged a breach of the union's duty of fair representation, but even if he were to do so, according to defendant, his complaint would be time-barred.

■ The court notes, preliminarily, that plaintiff was a member of the APWU at the time of his employment, and also that he was still on probationary status when he was discharged. The collective bargaining agreement does not purport to shield probationary employees from discharge. Article 12 § 1(A) of the Agreement states in pertinent part:

> The Employer shall have the right to separate from its employ any probationary employee at any time during the probationary period and these probationary employees shall not be permitted access to the grievance procedure in relation thereto.

(In fact, it appears that a union steward filed a grievance on plaintiff's behalf, but the outcome of this resort to the grievance procedure is not clear.) Given that the collective bargaining agreement provides for a probationary status, there can be no breach of the agreement in plaintiff's discharge itself. *See Van Leeuwen v. United States Postal Service*, 628 F.2d 1093, 1096–97 (8th Cir.1980); *Stritzl v. United States Postal Service*, 602 F.2d 249 (10th Cir. 1979).

■ However, the court rejects the suggestion, implicit in defendant's arguments,

that probationary employees have no contractual rights whatever under the collective bargaining agreement. *See, e.g.,* art. 1 § 4 (agreement applies to all employees in regular workforce). It is true that the rights of probationary federal employees are extremely proscribed. *See Bartholomew v. United States*, 740 F.2d 526, 530 (7th Cir.1984); *Van Leeuwen*, 628 F.2d at 1096–97. Nevertheless, judicial review is in fact available on questions of procedure and of whether a discharge is arbitrary or capricious. *See Jordan v. Bolger*, 522 F.Supp. 1197, 1201–02 (N.D.Miss.1981), *aff'd*, 685 F.2d 1384 (5th Cir.1982), *cert. denied*, 459 U.S. 1147, 103 S.Ct. 788, 74 L.Ed.2d 994 (1983); *Cioppa v. United States Postal Service*, 603 F.Supp. 590, 592 (W.D.N.Y.1984) (citations omitted).

■ In this case, the court notes that apart from the complaint that he was terminated without receiving the prescribed notice, the gist of plaintiff's "breach of contract" claims is employment discrimination, for which Title VII stands as a federal employee's exclusive remedy. *Brown v. General Services Administration*, 425 U.S. 820, 829, 96 S.Ct. 1961, 1966, 48 L.Ed.2d 402 (1976) (Title VII is "an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination"); *see also Canino v. United States Equal Employment Opportunity Commission*, 707 F.2d 468, 472 (11th Cir.1983); *Newbold v. United States Postal Service*, 614 F.2d 46, 47 (5th Cir.), *cert. denied*, 499 U.S. 878, 101 S.Ct. 225, 66 L.Ed.2d 101 (1980). *Cf. Ray v. Nimmo*, 704 F.2d 1480, 1485 (11th Cir.1983) (fifth amendment claim was not based on age discrimination and therefore was not barred by Age Discrimination in Employment Act). Plaintiff has thus failed to allege an independent claim for breach of contract with respect to his complaints of employment discrimination. The fact that plaintiff is precluded from asserting his Title VII claims (see § 1 *supra*) does not permit the court to substitute breach of contract claims for that exclusive remedy.

■ Plaintiff has also alleged that defendant breached the collective bargaining

agreement by discharging him for scheme failure without giving him seven days' notice and the opportunity to qualify on the scheme before the end of his probationary period. The agreement provides:

> If the Employer intends to separate an employee during the probationary period for scheme failure, the employee shall be given at least seven (7) days advance notice of such intent to separate the employee. If the employee qualifies on the scheme within the notice period, the employee will not be separated for prior scheme failure.

Agreement, art. 12 § 1(A). Defendant has not responded specifically to this issue. Nevertheless, it would appear to be a claim that plaintiff should have raised through the union, thereby exhausting his contractual remedies before seeking relief in federal court. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 657–58, 85 S.Ct. 614, 618–19, 13 L.Ed.2d 580 (1965). (Because a probationary employee's right to seven days' notice is spelled out in the collective bargaining agreement, the court presumes that plaintiff would have been able to vindicate it, had he acted promptly, even though the grievance procedure is not generally available when probationary employees are discharged.) There does not appear to be any issue of plaintiff's being prevented from exhausting his remedies, thereby excusing him from the obligation to do so. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). It would be futile to return plaintiff to his administrative remedies, however, because this claim is subject to a six-month statute of limitations, now long since expired. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *Williams v. Greyhound Lines, Inc.*, 756 F.2d 818 (11th Cir.1985). Therefore, the remaining breach of contract claim must also be dismissed.

■ Plaintiff's amended complaint also alleges breaches of sections 7 and 8 of the NLRA. Defendant has moved to dismiss on the ground that jurisdiction over these claims has been pre-empted by the NLRB. The court agrees. Under the Supreme Court's decision in *San Diego Build'g Trades Council v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959), the court must defer to the exclusive primary competence of the Board on matters regulated by NLRA §§ 7 and 8. *Id.* at 244–45, 79 S.Ct. at 779–80.

The court notes that shortly after his discharge, Mr. Carver filed an unfair labor practice charge with the NLRB, alleging discrimination because of his membership and activities in the union and/or because he filed an EEO complaint. The regional director declined to issue a complaint in the matter, and plaintiff did not appeal the decision. To the extent that he seeks review of that decision here, he is barred by the NLRB statutory scheme. It is well settled that the NLRB general counsel's decision whether to issue a complaint is not reviewable. *See* 29 U.S.C. § 153(d); 29 C.F.R. § 102.19 (1986); *NLRB v. Sears, Roebuck, Inc.*, 421 U.S. 132, 138–39, 95 S.Ct. 1504, 1510–11, 44 L.Ed.2d 29 (1975); *Vaca v. Sipes*, 386 U.S. 171, 182, 87 S.Ct. 903, 912, 17 L.Ed.2d 842 (1967). Here, the regional director's unappealed decision not to issue a complaint became the general counsel's decision. Lacking the power to review that determination, the court dismisses plaintiff's claims under sections 7 and 8 of the NLRA.

### 3. Claims under §§ 1983 and 1986

■ These claims are new to the amended complaint. The court does not have jurisdiction over either of them. Section 1983 specifically redresses violations of rights "under color of state law." 42 U.S.C. § 1983. Plaintiff, a former federal employee, is complaining of the actions of a federal agency, which is not subject to suit under section 1983. *See Seibert v. Baptist*, 594 F.2d 423, 429 (5th Cir.1979), *cert. denied*, 446 U.S. 918, 100 S.Ct. 1851, 64 L.Ed.2d 271 (1980). Moreover, for the reasons outlined in the previous section, a claim under section 1983 is inappropriate because Title VII is a federal employee's exclusive remedy for employment discrimination.

As to the claim under 42 U.S.C. § 1986, defendant correctly points out that this section requires proof of a predicate claim under section 1985. *Morast v. Lance,* 807 F.2d 926, 930 (11th Cir.1987); *Hamilton v. Chaffin,* 506 F.2d 904, 913–14 (5th Cir.1975). No such claim appears in plaintiff's amended complaint, although one was dismissed without prejudice from the original complaint. Again, Title VII is plaintiff's exclusive remedy in this instance. Accordingly, the claims under sections 1983 and 1986 are dismissed.

### Conclusion

For the foregoing reasons, it is ORDERED AND ADJUDGED as follows:

1. Defendant's motion for reconsideration is GRANTED.

2. Defendant's motion for summary judgment on the second amended complaint is GRANTED. Judgment is hereby entered in favor of the defendant and against the plaintiff, Steven B. Carver, who shall take nothing by his complaint.