**Linda RIDGELL, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICES, Defendant.**

**Civ. A. No. 87–CV–70348–DT.**

United States District Court, E.D. Michigan, S.D.

Nov. 2, 1987.

---

Delmar Gowing, III, Bloomfield Hills, Mich., for plaintiff.

Francis L. Zebot, Detroit, Mich., Christopher W. Zadina, Office of Field Legal Services, Chicago, Ill., for defendant.

## OPINION

DUGGAN, District Judge.

This matter is before the Court on defendant's Motion to Dismiss. Plaintiff was discharged from her employment with the U.S. Postal Services on March 11, 1983. She had previously filed a complaint with the EEOC alleging race and sex discrimination. The EEOC Office of Review & Appeals issued its final decision and "Notice of Right to File a Civil Action" on December 29, 1986. The "right to sue" letter informed plaintiff of her right to file a civil action in federal court within 30 days of receipt of the letter. Plaintiff filed the present action on January 27, 1987, naming the U.S. Postal Service as defendant. Service of the Summons and Complaint was made upon the U.S. Attorney on February 18, 1987. Plaintiff failed to serve the Postmaster General of the United States but did serve a managerial employee of the Allen Park bulk mail facility on February 20, 1987.

Defendant seeks dismissal of plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) for the reason that plaintiff failed to serve Preston R. Tisch, U.S. Postmaster General. Defendant also seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction because the plaintiff failed to bring her action against the U.S. Postmaster General within 30 days.

Plaintiff seeks to file an amended complaint naming the U.S. Postmaster General and contends that any amended complaint should relate back to the date of the original complaint. Defendant argues that any proposed amendment to plaintiff's Complaint naming the proper party would not relate back to the date of the original Complaint and would thus not cure plaintiff's failure to name the proper party within the 30 day limitation period.

The resolution of the issues involved here requires an interpretation of Fed.R. Civ.P. 15(c) which provides:

(c) *Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The delivery or mailing of process to the United States Attorney, or his designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

In *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986) the Supreme Court stated that four factors must be satisfied in order for an amendment to relate back to the filing of the original complaint:

(1) the basic claim must have arisen out of the conduct set forth in the original pleading;

(2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense;

(3) that party must or should have known that but for a mistake concerning

identity, the action would have been brought against it; and

(4) the second and third requirements must have been fulfilled within the prescribed limitations period.

The *Schiavone* court found that where plaintiffs filed a libel action naming as defendant the libelous publication (Fortune) as opposed to the publisher (Time, Inc.) and where plaintiffs failed to effectuate service within the one-year statute of limitations, defendant did not have the notice or knowledge required for relation back of plaintiffs' proposed amendment. Opting for a literal interpretation of Rule 15(c) the court held:

> We do not have before us a choice between a "liberal" approach toward Rule 15(c), on the one hand, and a "technical" interpretation of the Rule, on the other hand. The choice, instead, is between recognizing or ignoring what the Rule provides in plain language. We accept the Rule as meaning what it says.
>
> *  *  *  *  *  *
>
> The linchpin is notice, and notice within the limitations period. Of course, there is an element of arbitrariness here, but that is a characteristic of any limitations period. And it is an arbitrariness imposed by the legislature and not by the judicial process. *See* Note, Federal Rule of Civil Procedure 15(c): Relation Back of Amendments, 57 Minn.L.Rev. 83, 85, n. 8 (1972).

*Schiavone* 106 S.Ct. at 2385.

Although the *Schiavone* case involved private litigants, there is every indication that such literal interpretation of Rule 15(c) extends to suits against the federal government. In fact, the *Schiavone* court recognized the split of authority among the circuits on this issue, and cited the Ninth Circuit's decision in *Cooper v. U.S. Postal Service*, 740 F.2d 714, 716 (1984). *Cert. denied*, 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985). The *Cooper* court facing a fact situation very similar to the fact situation at hand, affirmed the trial court's dismissal of plaintiff's action for failure to name the correct party within the 30 day period. The court also rejected plaintiff's request to amend the complaint for the reason that such amended complaint would not relate back, absent notice to the proper party within the statutory period.

This Court finds that the decisions in *Schiavone* and *Cooper* control the disposition of this case. Since plaintiff not only failed to name the proper party within the 30 day period, but also failed to serve the U.S. Attorney and the Attorney General within such 30 day period, plaintiff's Complaint must be dismissed.

An Order consistent with this Opinion shall issue forthwith.