Pursuant to the memorandum filed herein this day,

IT IS HEREBY ORDERED that the motion of defendants R. Crosby Kemper, Jr. and United Missouri Bancshares, Inc. to dismiss Count II of plaintiff's complaint be and is granted and Count II of plaintiff's complaint be and is dismissed.

IT IS FURTHER ORDERED that defendants' motion to strike all references to violations of the Bank Holding Company Act in Count III of plaintiff's complaint be and is granted and all said references be and are stricken from Count III.

**Lydia LUBNIEWSKI, Plaintiff,**

v.

**DEPARTMENT OF the NAVY, Defendant.**

**No. C–87–3980 MHP.**

United States District Court, N.D. California.

Feb. 17, 1988.

Elaine W. Wallace, Oakland, Cal., for plaintiff.

Elizabeth Trager, Asst. U.S. Atty., Civil Div., San Francisco, Cal., for defendant.

## OPINION

PATEL, District Judge.

Plaintiff filed this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16, alleging age and sex discrimination and reprisals for prior Title VII activity. The case is now before the court on defendant Secretary of the Navy's motion to dismiss for lack of subject matter jurisdiction. Having considered the written and oral arguments of the parties, for the following reasons, the court regretfully grants the defendant's motion to dismiss.

BACKGROUND

The facts relevant to this motion are undisputed. Plaintiff, on July 10, 1987, received a right to sue letter issued on June 30, 1987 by the Equal Employment Opportunity Commission ("EEOC"). On July 29, 1987, plaintiff filed, *pro se*, a form complaint provided by this court naming the Department of the Navy, rather than the Secretary of the Navy, as defendant. Plaintiff did not serve the complaint on or before August 10, 1987.

Soon thereafter, plaintiff obtained counsel, who filed an amended complaint properly naming the Secretary of the Navy and served summons and notice of substitution of attorney on August 21, 1987, eleven days after the expiration of the relevant thirty-day period.

DISCUSSION

In this circuit, the law is clear that the thirty-day filing period set out in section 2000e–16 is a limitation on the jurisdiction of the court, rather than a statute of limitations which may be subject to equitable tolling or estoppel. *See Koucky v. Department of Navy,* 820 F.2d 300, 302 (9th Cir. 1987); *Hymen v. Merit Sys. Protection Bd.,* 799 F.2d 1421, 1422 (9th Cir.1986) (per curiam), *cert. denied,* — U.S. —, 107 S.Ct. 1900, 95 L.Ed.2d 506 (1987).

The Ninth Circuit has repeatedly affirmed this rule, despite reconsideration in other circuits in light of the Supreme Court's decision in *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). *See, e.g., Hornsby v. United States Postal Serv.,* 787 F.2d 87, 89 (3d Cir.1986); *Rice v. New England College,* 676 F.2d 9, 10 (1st Cir.1982). Even circuits retaining the principle that the thirty-day period is jurisdictional have been more flexible about the relation-back requirements of Federal Rule of Civil Procedure 15(c). *E.g., Paulk v. Department of the Air Force,* 830 F.2d 79, 82–83 (7th Cir.1987) (service on United States Attorney by *pro se* litigant after thirty-day period had run satisfied Rule 15(c) because filing *in forma pauperis* tolls the limitations period).

Nevertheless, this court is bound by the strict Ninth Circuit rule despite its harsh effect. Because plaintiff failed to name the correct defendant within the thirty-day period or to attach to the complaint an EEOC form naming the correct defendant, *see Rice v. Hamilton Air Force Base Commissary,* 720 F.2d 1082, 1084–86 (9th Cir. 1983), or to serve the proper defendant within that period, she may not under Fed-

eral Rule of Civil Procedure 15 now amend the complaint to name the correct defendant. *See Cooper v. United States Postal Serv.*, 740 F.2d 714, 716–717 (9th Cir.1984), *cert. denied,* 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985).

Enforcement of the Ninth Circuit rule in this case results in patent injustice. Plaintiff filed her complaint within the thirty-day period specified in the statute. She filed *pro se,* naming the the Department rather than the Secretary of the Navy as defendant only because the EEOC itself had named the Department of the Navy as defendant on the right to sue letter. After being informed by the court clerk as to how to obtain counsel, plaintiff promptly did so and counsel promptly filed an amended complaint and served the correct defendant. The problem is that defendant was served eleven days late.

Eleven days might be a substantial time if plaintiff had received any kind of meaningful instruction from the EEOC on the correct procedure for filing the complaint. Instead, what instruction plaintiff was given was both paltry and misleading. It was certainly not calculated to assist the plaintiff in obtaining the relief Congress provided for in Title VII. Even if the plaintiff had attached a copy of her right to sue letter to the complaint, that letter, issued by the EEOC, wrongly named the Department of the Navy and so would not have preserved the court's jurisdiction and saved the action.

The court has previously engaged the EEOC in discourse concerning the harshness of the Ninth Circuit rule and the resulting duty of the EEOC to make crystal clear in its right to sue letters that the titular head of the agency or department rather than the agency or department as an entity must be named. *See* Letter to Clarence Thomas, *infra,* App. 1. A year ago the chairman informed the court that he had directed the Office of Review and Appeals to caption all future cases with the proper Title VII defendant. *See* Letter from Clarence Thomas of February 11, 1987, *infra,* App. 2. The EEOC's efforts, however, merely transform what little information it does provide from outright misleading to obfuscatory.

The EEOC's new right to sue letter, issued to the plaintiff in this case and updated as of March 10, 1987, states "<u>YOU MUST NAME THE APPROPRIATE OFFICIAL AGENCY OR DEPARTMENT HEAD AS THE DEFENDANT.</u>" Any grammar school teacher could tell the EEOC that this sentence can be understood in the disjunctive, that is, to say that the plaintiff may name either the official agency or the department head. *See* Notice of Right to File a Civil Action, *infra,* App. 3. The plaintiff in this case followed instructions and named the official agency. The additional instructions in the letter, while an attempt to explain, only compounded the confusion. Finally, the EEOC's own decision, emblazoned with the misleading caption, completed the exercise in bureaucratic mystification. Caught in the trap of the EEOC's ambiguous instructions, the plaintiff gets thrown out of court.

This result is scandalous. Nor is this the first court to have drawn attention to the ambiguity of the government's notification letters. *E.g., Williams v. Army and Air Force Exch. Serv.,* 830 F.2d 27, 31 (3d Cir.1987). It does not take a great deal of ingenuity to draft language that is precise and clear. If the EEOC's present staff is incapable of high school level linguistics, they should hire a specialist. The court respectfully suggests the use of examples such as "for example, name the Secretary of the Navy, NOT the Department of the Navy." This should help to get the point across.

Accordingly, and regrettably, the defendant's motion to dismiss for lack of subject matter jurisdiction is granted. The clerk of the court is directed to serve a copy of this order on the chairman of the EEOC.

IT IS SO ORDERED.

### APPENDIX 1

Letter to Clarence Thomas

United States District Court

Northern District of California

San Francisco, California 94102

December 11, 1986

Mr. Clarence Thomas

Chairman

Equal Employment Opportunity Commission

2401 E Street, N.W.

Washington, D.C. 20507

Dear Mr. Thomas:

In the past two months, this court has heard the government's motions to dismiss complaints in two separate appeals from EEOC denials. In both cases, plaintiffs failed to name the proper defendant. Unfortunately because of the status of the case law strictly construing the jurisdictional requirements, both of the parties found themselves out of court. Their confusion is understandable in view of the Notice of Right to Sue which is distinguished by its lack of critical information.

Congress has seen fit to provide a judicial remedy to people who feel they have been discriminated against on the basis of their race, color, religion, sex, or national origin. Once a complainant has exhausted his appeals through the administrative branch, he is entitled to seek his remedy in the courts, but he has *only thirty days* in which to do so. Section 2000e–16(c) provides that the head of the department or agency is the appropriate defendant in Title VII civil actions. The courts have determined that the head of the particular agency in his official capacity is the only proper defendant. However, the "Right to Sue" letter fails to disclose that information. It does not indicate who is the proper defendant, nor does it refer plaintiffs to the appropriate rules of procedure. It only states that they may file a civil action in the federal district court and that it must be filed within thirty days. The Ninth Circuit has strictly construed the thirty day statute of limitations and does not allow subsequent amendments naming the proper party to relate back to the original filing of the complaint. *Lofton v. Heckler*, 781 F.2d 1390 (9th Cir.1986); *Cooper v. United States Postal Service*, 740 F.2d 714 (9th Cir.1984). Therefore, given the extremely short statutory period, and the severity of the sanctions for failing to comply with all the statutory requirements in a timely fashion, potential litigants, many of whom appear *pro se*, are effectively denied their judicial remedy.

Adding to this confusion is the fact that the underlying administrative proceeding is often brought against the agency, rather than its head. That means the litigant has a decision with a caption showing the agency as the defendant or respondent. Since the decision rendered by the agency or the EEOC shows the agency as the responding party, it is only reasonable for the litigant to assume that is the party he should name. As a result the Notice of Right to Sue is not only uninformative, but, taken together with the rest of the administrative record, misleading.

I strongly urge that you take action immediately to correct the "Right To Sue" letter and provide enough information so that earnest people may avail themselves of the remedy which has been guaranteed to them by Congress.

Respectfully,
/s/ Marilyn Hall Patel
MARILYN HALL PATEL

APPENDIX 2

Letter from Clarence Thomas of February 11, 1987

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

WASHINGTON, D.C. 20507

Feb. 11, 1987

The Honorable Marilyn Hall Patel

United States District Judge

Northern District of California

San Francisco, California 94102

Dear Judge Patel:

This is in response to your letter regarding the lack of information available to Title VII plaintiffs in the Commission's Statement of Petitioner's Rights/–Notice of Right to File a Civil Action. Your letter raised two important concerns and we appreciate the opportunity to respond and to correct any misleading information in our decisions and the administrative record.

First, we agree that 42 U.S.C. Section 2000e–16(c) mandates the agency head as the proper defendant in Title VII actions. However, we believe such a minor procedural irregularity—for which the *pro se* plaintiff is not responsible—should not de-

termine the outcome of the case. Many courts allow laymen great latitude in such cases to avoid any prejudice or loss of individual rights due to government error or inadvertence. Nonetheless, we are mindful that the Commission must not contribute to the defeat of any individual's rights. Accordingly, the Office of Review and Appeals has been directed to caption all future decisions and correspondence by showing the proper Title VII defendant as the head of the agency. We are also reviewing this matter to determine what notice should be given to federal agencies so that they can begin to correct the administrative record at the agency level.

Second, as you know, a recurring question is whether the filing deadline is a jurisdictional prerequisite or a deadline that can be equitably extended in compelling circumstances. We agree with the Ninth Circuit's reluctance to extend the 30–day period to file a civil action, and are taking steps to ensure that the Statement of Petitioner's Rights/Notice of Right to File a Civil Action is revised so that a reasonably prudent individual will not mistakenly fail to comply with the 30–day requirement due to procedural ambiguity or lack of information on the mandatory nature of the filing requirement.

Finally, I would like to thank you for bringing this matter to my attention. I am always open to constructive criticisms and ideas I can use to make the Commission an even more effective civil rights enforcement agency.

Sincerely,
/s/ Clarence Thomas
Clarence Thomas
Chairman

### APPENDIX 3

### EEOC Notice of Right to File a Civil Action

### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Washington, D.C. 20507
### NOTICE OF RIGHT TO FILE A CIVIL ACTION

You are hereby notified that the attached decision in your case is final. You have the right to file a civil action in the appropriate United States District Court WITHIN THIRTY (30) DAYS from the date that you receive this decision. If any of your claims were based on the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 633a), AS TO THOSE CLAIMS ONLY, you MAY have up to six years after the right of action first accrued in which to file a civil action. *See Lehman v. Nakshian,* 453 U.S. 156 (1981); 29 U.S.C. § 633a(f); and 28 U.S.C. § 2401(a). You are further notified that if you file a civil action, YOU MUST NAME THE APPROPRIATE OFFICIAL AGENCY OR DEPARTMENT HEAD AS THE DEFENDANT. Rule 25(d)(2) of the Federal Rules of Civil Procedure provides that you may describe the defendant by official title rather than by name. Failure to provide the NAME OR OFFICIAL TITLE of the agency head or, where appropriate, the department head, may result in the loss of any judicial redress to which you may be entitled. (Please note: For this purpose, Department means the overall national organization, such as the now defunct Department of Health, Education and Welfare, *not* the local administrative department where you might work.) You must be sure that the proper defendant is named when you file your civil action.

### APPOINTMENT OF COUNSEL

If you decide to file a civil action and do not have or are unable to obtain the services of an attorney to act on your behalf, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* as amended, and the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 and 794c, as amended, you may request that the Court appoint an attorney to represent you and may also permit you to file the civil action without payment of fees, costs, or security. If you want to request appointment of an attorney, your request must be FILED WITH THE COURT WITHIN THIRTY (30) DAYS from the date that you receive the Commission's decision.

## NOTICE OF RIGHT TO REQUEST REOPENING

The Commissioners may, in their discretion, reopen and reconsider the decision in your case if you submit a written request and argument or evidence which tends to establish that:

1. New and material evidence is available that was not readily available when the previous decision was issued; or

2. The previous decision involves an erroneous interpretation of law or regulation or misapplication of established policy; or

3. The previous decision is of a precedential nature involving a new or unreviewed policy consideration that may have effects beyond the actual case at hand or is otherwise of such an exceptional nature as to merit the personal attention of the Commissioners.

AGENCY REQUESTS AND ANY SUPPORTING ARGUMENTS, must be submitted within the 30 day time frame for filing a request to reopen. ALL REQUESTS must be submitted to the Director, Office of Review and Appeals, Equal Employment Opportunity Commission, 5203 Leesburg Pike, Suite 900 Falls Church, Virginia 22041.

FILING A REQUEST TO REOPEN WITH THE COMMISSION MAY NOT EXTEND THE TIME PERIOD ALLOWED FOR FILING A CIVIL ACTION. IF YOU WISH TO PRESERVE YOUR RIGHT TO FILE A CIVIL ACTION, THE CIVIL ACTION SHOULD BE FILED WITHIN THE TIME ALLOWED, EVEN IF YOU DECIDE TO REQUEST REOPENING BY THE COMMISSION.

/s/ Delores L. Rozzi
Dolores L. Rozzi, Director
Office of Review and Appeals