**John E. RYS, Jr., Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE,
Jon Steele, Bernie Opitz and Mark
De Shais, Defendants.**

**Civ. A. No. 87–0218–F.**

United States District Court,
D. Massachusetts.

Jan. 11, 1989.

946

John E. Rys, Jr., Ludlow, Mass., for plaintiff.

M. Ellen Carpenter, Asst. U.S. Atty., for defendants.

**1.** Although not stated in the pro se complaint, plaintiff apparently filed this suit under 29 U.S. C. § 791.

## MEMORANDUM AND ORDER

FREEDMAN, Chief Judge.

Before the Court is a motion to dismiss filed by the defendants, the United States Postal Service ("USPS"), Jon Steele, Bernie Opitz and Mark DeShais. For reasons explained below, the motion will be granted.

### I. FACTS

Plaintiff Rys is a postal employee who initiated this action alleging the defendants discriminated against him by failing to promote him due to his physical restrictions caused by an injury to his back and shoulder.[1] Rys filed a claim with the Equal Employment Opportunity Commission ("EEOC") which, on September 29, 1987, issued a written decision holding that Rys was not discriminated against. Attached to the decision was a "right-to-sue" letter stating, in part:

You are further notified that if you file a civil

action, *YOU MUST NAME THE AP-PROPRIATE OFFICIAL AGENCY OR DEPARTMENT HEAD AS THE DE-FENDANT.* Rule 25(d)(2) of the Federal Rules of Civil Procedure provides that you may describe the defendant by official title rather than by name. Failure to provide the *NAME OR OFFICIAL TI-TLE* of the agency head or, where appropriate, the department head, may result in the loss of any judicial redress to you which you may be entitled.... You must be sure that the proper defendant is named when you file your civil action. (Emphasis in original).

On Monday, November 2, 1987, Rys filed a timely[2] action in this Court challenging the EEOC's decision. Plaintiff served the complaint on the United States Attorney's Office on March 1, 1988 (120 days after the suit was commenced) and mailed a copy to the Attorney General and individual defendants shortly thereafter. Rys, however, failed to name or serve the Postmas-

**2.** Although the present complaint was filed on the thirty-first day after the EEOC decision, it is nevertheless timely due to Fed.R.Civ.P. 6(a) which allows cases involving Sunday deadlines to be filed the following business day.

ter General of the United States in his suit. The defendants have consequently moved the Court to dismiss the case for failure to sue the appropriate defendant.

## II. DISCUSSION

Federal employees who believe they have been discriminated against may sue their employer in federal court after receiving an adverse decision from the EEOC. 42 U.S.C. § 2000e–16(c) provides: [3]

> Within thirty days of receipt of notice of final action taken by a department, agency, or unit ... [or by the Equal Employment Opportunity Commission] upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination ... an employee ... if aggrieved by the final disposition of his complaint, ... may file a civil action ... in which civil action the head of the department, agency, or unit, as appropriate shall be the defendant.

The statute requires a federal employee seeking to commence a suit against the United States Postal Service to name the Postmaster General of the United States as the defendant. *See Jarrell v. United States Postal Serv.*, 753 F.2d 1088 (D.C.Cir. 1985). In the present action, Rys named the United States Postal Service and three local postal employees as defendants but did not name or serve the only correct defendant, the Postmaster General. Obviously, the Title VII thirty-day limitation had long since expired once this problem was identified. In virtually identical situations, numerous courts have dismissed cases like this under Fed.R.Civ.P. 12(b) for failure to timely sue the appropriate government defendant. *See, e.g., Williams v. Army and Air Force Exchange Serv.*, 830 F.2d 27 (3d Cir.1987); *Gonzales v. Sec'y of the Air Force*, 824 F.2d 392 (5th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1245, 99 L.Ed.2d 443 (1988); *Lubniewski v. Dept. of the Navy*, 682 F.Supp. 462 (N.D.Cal.1988); *Ridgell v. United States Postal Serv.*, 678 F.Supp.

167 (E.D.Mich.1987); *Healy v. United States Postal Serv.*, 677 F.Supp. 1284 (E.D. N.Y.1987); *Carver v. Casey*, 669 F.Supp. 412 (S.D.Fla.1987); *Stewart v. United States Postal Serv.*, 649 F.Supp. 1531 (S.D. N.Y.1986).

The Court would ordinarily urge a pro se plaintiff in an unfortunate procedural situation such as this to seek permission to amend the complaint by adding or substituting the Postmaster General as the defendant. Yet, Fed.R.Civ.P. 15(c) governs the relation back of the amendments and reads:

> **(c) Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
>
> The delivery or mailing of process to the United States Attorney, or the United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

A conflict amongst circuit courts of appeal involving this Rule was recently resolved by the Supreme Court. In *Schiavone v. Fortune*, 477 U.S. 21, 29–32, 106

---

**3.** This law is relevant to the present case due to 29 U.S.C. § 794a(a)(1), which states that the procedures set forth in 42 U.S.C. § 2000e–16 are applicable to cases brought under 29 U.S.C. § 791.

S.Ct. 2379, 2384–2386, 91 L.Ed.2d 18 (1986), the Court held that an amendment adding parties will not relate back to the date of the original filing unless the prospective defendant receives notice of the lawsuit within the prescribed statutory limitation period. *Id.; see Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1053 (D.C.Cir.1988). As mentioned above, the Postmaster General was not given notice of this suit within the 42 U.S.C. § 2000e–16(c) thirty-day limitation period.

If Rys served the United States Attorney's Office, Attorney General, or Postmaster General within the thirty-day time limit, then the second paragraph of Rule 15(c) might save plaintiff's suit.[4] Due to Rys' failure, however, to serve anyone within thirty days, this provision is of no avail to him. *See Carver v. Casey*, 669 F.Supp. at 415; *cf. Hernandez Jimenez v. Calero Toledo*, 604 F.2d 99, 102–03 (1st Cir.1979).

Courts that have dismissed cases like the present action have treated the thirty-day limitation as jurisdictional rather than a statute of limitation. That is, if the Title VII time limitation is jurisdictional, then the Court has no alternative but to dismiss the present case for failure to state a timely cause of action. The Court, however, notes the existence of a divisive split in the opinions of the circuits which have considered this question. *Compare Harris v. Brock*, 835 F.2d 1190 (7th Cir.1987); *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1083–84 n. 1 (9th Cir.1983) (both treating 42 U.S.C. § 2000e–16(c) time limit as jurisdictional); *with Mondy v. Sec'y of the Army*, 845 F.2d 1051 (D.C.Cir. 1988); *Hornsby v. United States Postal Serv.*, 787 F.2d 87 (3d Cir.1986); *Zografov, M.D. v. V.A. Medical Center*, 779 F.2d 967 (4th Cir.1985); *Martinez v. Orr*, 738 F.2d 1107 (10th Cir.1984); *Milam v. United States Postal Serv.*, 674 F.2d 860 (11th Cir.1982) (all holding 42 U.S.C. § 2000e–16(c) time limit is statute of limitation subject to equitable considerations). The Supreme Court has rejected the opportunity to finally resolve the dispute. *See Cooper v. United States Postal Serv.*, 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985) (denying certiorari) (White J. dissenting); *Stuckett v. United States Postal Serv.*, 469 U.S. 898, 105 S.Ct. 274, 83 L.Ed. 2d 210 (1984) (denying certiorari) (White J. dissenting).

The First Circuit has not yet had occasion to cast its vote on this precise issue. Although our court of appeals has held that different but analogous Title VII time limits are not jurisdictional but, rather, statute of limitations subject to equitable principles, *see Jones v. City of Somerville*, 735 F.2d 5, 8 (1st Cir.1984); *Rice v. New England College*, 676 F.2d 9, 10 (1st Cir. 1982), this district court is reluctant to extend these holdings in a case involving federal employers without express or otherwise convincing authority. The Court is mindful of the maxim that limited waivers of sovereign immunity are to be strictly rather than liberally interpreted. *See Library of Congress v. Shaw*, 478 U.S. 310, 318, 106 S.Ct. 2957, 2963, 92 L.Ed.2d 250 (1986). This rule may or may not be sufficient grounds to treat Title VII suits involving the government differently from private litigants.

Having stated all this, this Court finds it unnecessary to decide whether the relevant Title VII time limit is jurisdictional. This is because even if it were in the Court's power to apply equitable considerations to plaintiff's complaint, it would not do so. Although a pro se plaintiff, Rys was notified by the EEOC in a letter that he had thirty days to file his complaint and was cautioned to be sure to name the appropri-

---

4. To be sure, had Rys named the Postmaster General as a defendant, he would be allowed up to 120 days to serve the complaint. *See* Fed.R. Civ.P. 4(j). Because he failed to name the Postmaster General as a defendant, however, his only remedy is to seek amendment by way of Fed.R.Civ.P. 15. Yet, because that Rule requires a plaintiff to notify prospective defendants of the lawsuit within the statutory time limit (here, a brutally short thirty days), Rys' failure to notify *anyone* within thirty days prevents this Court from allowing plaintiff to amend the complaint.

ate defendant.[5] If he had served the United States Attorney's Office or Attorney General within thirty days, or was deceived in any way with respect to the correct styling of his complaint, then equitable relief would be contemplated. *See Zografov v. V.A. Medical Center*, 779 F.2d at 969–70. The fact of the matter is that Rys waited 120 days to serve the United States Attorney's Office, and even longer to serve the other named defendants.

## III. CONCLUSION

The result in this case is harsh. A pro se plaintiff, relying in part on a now outdated "right-to-sue" letter issued by the EEOC, is prevented from having his case heard because of a procedural trap. Yet, relying on *Schiavone v. Fortune, supra,* and other cases cited in this Memorandum and Order, the Court is compelled to grant the defendants' motion. The defendants' motion to dismiss is GRANTED; the case is hereby DISMISSED with respect to all parties.[6]

IT IS SO ORDERED.

---

**5.** The letter at issue—appended to every EEOC decision—is troubling. While it warns plaintiffs they should be sure to name the correct defendant in their complaint, at risk of dismissal with prejudice, the language is nevertheless ambiguous and, possibly, misleading with respect to who that defendant should be. Other courts have criticized the EEOC, and other agencies, for using this type of letter. *See Williams v. Army and Air Force Exchange Serv.,* 830 F.2d at 31. Recognizing that Congress has deemed it appropriate to provide disgruntled federal employees with an avenue for judicial review, along with the fact that many of these litigants are pro se, the EEOC has a particularly compelling responsibility to advise parties of their rights and to not hinder those rights in any way.

In response to direct judicial criticism, the EEOC has apparently amended its right-to-sue letter which now specifically informs litigants of whom they should name as the defendant in a lawsuit filed in federal court. *See Lubniewski v. Dept. of Navy,* 682 F.Supp. at 465–66 (Appendix 2). Unfortunately for Mr. Rys, this change was not effectuated until about two months after his EEOC case was adjudicated.

**6.** Plaintiff Rys may appeal this decision to the United States Court of Appeals for the First Circuit. To do so, he must file a notice of appeal with the Clerk of the *District Court* within sixty days after the date of judgment. *See* Fed.R.App.P. 4(a)(1).